UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYSON MARSHEK,

                        Plaintiff,

v.

MATTHEW MARSKE,

                        Defendants,
                                          /

CASE NO. 2:07-CV-14407
JUDGE ANNA DIGGS TAYLOR
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S APRIL 21, 2008 MOTION TO DISMISS (Doc. Ent. 13)**

**I.**     **RECOMMENDATION:** The Court should sua sponte dismiss plaintiff's complaint without prejudice, as he has failed to keep the Court apprised of his address. If the Court agrees with this recommendation, then it should also deny without prejudice defendant's April 21, 2008 motion to dismiss. Doc. Ent. 13.

**II.**     **REPORT:**

**A.**     **Background**

On October 16, 2007, while he was incarcerated at the Milan FCI, plaintiff Tyson Eugene Marshek filed a pro se, verified complaint against Matthew Marske, Milan FCI's Supervisor of Education. Doc. Ent. 1. The facts underlying plaintiff's complaint begin with plaintiff's April 12, 2006 arrival at Milan FCI and apparently conclude in August 2007. Doc. Ent. 1 ¶¶ 1-11. For the most part, plaintiff's claims for relief are based upon the First Amendment and allege retaliation for exercising his right to petition the courts. Doc. Ent. 1 ¶¶ 12-16.

Plaintiff seeks declaratory and permanent injunctive relief, compensatory and punitive damages, and reimbursement for costs. Doc. Ent. 1 at 7 ¶¶ 17-21. He also requests a trial by

jury. Doc. Ent. 1 ¶ 22. Judge Taylor has referred this case to me to conduct all pretrial proceedings. Doc. Ent. 14.

**B.     Plaintiff's current address is unclear.**

Plaintiff was "designated to FCI Milan from April 12, 2006, through December 21, 2007." Doc. Ent. 13-4 at 2 ¶ 4; 13-4 at 21. On December 26, 2007, plaintiff informed the Court of a change in his address to Coralville, Iowa - allegedly a halfway house. Doc. Entries 9, 17.[1]

On April 19, 2008, plaintiff was transferred to the Linn County Jail in Cedar Rapids, Iowa. Doc. Ent. 17.[2] The Court was informed of this address change on May 9, 2008. Doc. Ent. 16. Plaintiff's latest filing in this case is his May 9, 2008 motion for extension of time, on which his address was listed as the Linn County Jail. Doc. Ent. 17 at 3. It appears that plaintiff remained at the Linn County Jail until at least June 5, 2008. *Marshek v. United States of America*, 2:07-CV-12965-GER-MKM, Doc. Ent. 19 at 2.

Plaintiff was scheduled to be released on June 17, 2008. Doc. Ent. 17. It appears that plaintiff was released from the Federal Bureau of Prison's custody on July 2, 2008. *See* www.bop.gov, "Inmate Locator." Since that time, plaintiff has not filed a notice of address change in this case.

**C.     Defendant's Motion to Dismiss**

---

[1] It appears that plaintiff was assigned to CKC (the Community Corrections Office in Kansas City, KS) from December 21, 2007 until April 2008. Doc. Ent. 13-4 at 21; *see* www.bop.gov, "Facility Locator."

[2] In two instances, the order on plaintiff's application to proceed without prepayment of fees was returned as undeliverable. Doc. Ent. 12 (sent to Milan FCI on March 11, 2008) and 15 (sent to Coralville on April 24, 2008).

On February 19, 2008, defendant filed an ex parte request for setting answer/preliminary motion deadline. Doc. Ent. 10. Judge Taylor granted that request on February 25, 2008, and set the deadline for April 21, 2008. Doc. Ent. 11.

On April 21, 2008, shortly after plaintiff's transfer to the Linn County Jail (Cedar Rapids), defendant filed a motion to dismiss. Doc. Ent. 13. However, it was served upon plaintiff at the halfway house (Coralville, Iowa) address. Doc. Ent. 13 at 10.

Knowledge of the motion ultimately reached plaintiff. On May 9, 2008, plaintiff filed a motion for extension of time. Doc. Ent. 17. He asserted that his April 19, 2008 transfer separated him from his legal documents, which include "copies of administrative remedies and grievances which would preclude a motion to dismiss from being granted." Doc. Ent. 17 at 2 ¶ 3. He also asserted that the earliest he would have access to his legal material would be June 17, 2008, and he asked that the Court "permit [him] up to and including July 11, 2008 to tender a response to the pending motion to dismiss." Doc. Ent. 17 at 2 ¶ 4. On June 3, 2008, I entered an order setting the response deadline for July 16, 2008. Doc. Ent. 18.

On October 3, 2008, I entered an order granting plaintiff's May 9, 2008 motion for extension of time. Doc. Ent. 19. The order provided that plaintiff would have up to and including December 3, 2008 by which to file a response to defendant's April 21, 2008 dispositive motion. Furthermore, the order cautioned plaintiff that failure to respond to defendant's pending motion to dismiss might result in dismissal of the complaint for failure to prosecute. Finally, the ordered noted that, although it appeared that plaintiff had been released from the custody of the FBOP, service of this order upon plaintiff would be made to the address on plaintiff's latest filing (Linn County Jail, Post Office Box 608, Cedar Rapids, Iowa 52406).

To date, plaintiff has not filed a response.

**D.     Fed. R. Civ. P. 41(b)**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630.

Fed. R. Civ. P. 41 governs dismissals. As to involuntary dismissal, it provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)]-which merely authorizes a motion by the defendant-nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-631. "It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition." *Link*, 370 U.S. at 631-632. *See also Roadway Express, Inc.*

4

*v. Piper*, 447 U.S. 752, 765 (1980) ("The Court denied that [Fed. R. Civ. P.] 41(b) limits a court's power to dismiss for failure to prosecute to instances where a defendant moves for dismissal.") (citing *Link*, 370 U.S. at 630); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("The Court's prior cases have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct.") (citing *Link*, 370 U.S. at 630-632; *Roadway Express*, 447 U.S. at 767); *Carlisle v. United States*, 517 U.S. 416, 426, 449-450 (1996) ("something far more than an ambiguous silence is required to withdraw a district court's inherent power."); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a sua sponte order of dismissal.") (citing *Link*).

"[T]he absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing [does not] necessarily render such a dismissal void." *Link*, 370 U.S. at 632. "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id*. Therefore, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id*. at 633.

**E.     The Court Should Sua Sponte Dismiss the Complaint without Prejudice for Plaintiff's Failure to Keep the Court Informed of His Address.**

**1.**     To begin, plaintiff has not responded in a timely manner to defendant's April 21, 2008, dispositive motion. "A response to a dispositive motion must be filed within 21 days after service of the motion." E. D. Mich. LR 7.1(d)(1)(B). Service may be made by "mailing it to the

person's last known address–in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(C). Additionally, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Therefore, absent an order stating otherwise, a response to the April 21, 2008, dispositive motion would have been due on or before May 15, 2008.[3]

In this case, my June 3, 2008 scheduling order set the response deadline for July 16, 2008. Furthermore, my October 3, 2008 order extended the response deadline to December 3, 2008. As noted above, plaintiff has yet to file a response to this motion. Perhaps plaintiff's failure to respond is a result of him not knowing the October 3rd scheduling order was filed; however, this would be the consequence of a failure to keep the Court apprised of any change in address.

**2.**     Perhaps plaintiff has abandoned this case. The last document plaintiff filed in this case was his May 9, 2008 motion for extension. Doc. Ent. 17. Therein, it appeared that plaintiff intended to continue his case after his release, because he was scheduled for release on June 17th, and that was the earliest date he expected to have access to his legal materials. Doc. Ent. 17 ¶1; Doc. Ent. 17 ¶ 4. However, it has been more than seven (7) months since plaintiff has filed any paper in this case.

**3.**     With the foregoing in mind, the Court should sua sponte dismiss this case pursuant to Fed. R. Civ. P. 41(b). Dismissal pursuant to Fed. R. Civ. P. 41(b) "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the

---

[3]Defendant recognized as much in his motion. Doc. Ent. 13 at 2.

tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)).

"[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). "[T]he *Carver* court concluded that a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll*, 176 F.3d at 363). *See also Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001) and *Knoll*, 176 F.3d at 363.

With regard to the first and second factors, the reason for plaintiff's failure to prosecute is not clear; nonetheless, plaintiff cannot expect that the Court or defendant will be able to find him, and defendant cannot be expected to defend an action which plaintiff has apparently abandoned. This is true even though, currently, defendant's filings in this case are limited to his February 19th request and the instant dispositive motion. Doc. Entries 10 and 13. To be sure, the

prejudice to defendant at this point is minimal, based upon the types of arguments it makes in its motion to dismiss. However, if the Court were to deny defendant's pending motion to dismiss, which is based upon alleged failures to comply with Fed. R. Civ. P. 4(i)(1) and 42 U.S.C. § 1997e(a), and if the plaintiff's address continued to remain a mystery, then defendant would be in the position of having to defend an action without access to his opponent.

As to the third and fourth factors, my October 3, 2008 order cautioned that failure to respond to defendant's pending motion to dismiss might result in dismissal of the complaint for failure to prosecute. Doc. Ent. 19 at 2. While it does not appear that less drastic sanctions have been attempted;[4] there seems little purpose in doing so where the Court does not have a current address for plaintiff. *See Alexander v. City of Pontiac*, Case No. 2:07-CV-11419 (E.D. Mich. Apr. 29, 2008) (Battani, J.) (dismissing case without prejudice for failure to prosecute where, in part, "[t]he Court and the Magistrate Judge ha[d] attempted to send Plaintiff several orders indicating that his case was proceeding apace and his involvement would be required, and Plaintiff ha[d] not responded to these. If Plaintiff had been involved in any way with the case, the Court could conceivably have considered or imposed less drastic measures. It is Plaintiff's failure to respond that has led the court to this dismissal.").

Considering (1) plaintiff's failure to respond to the pending dispositive motion under the circumstances described above, (2) plaintiff's apparent abandonment of this case, and (3) the factor of imposing a less drastic sanction before granting defendant's request for dismissal with

---

[4]The only orders entered by the Court thus far have been (1) orders to correct deficiency (Doc. Entries 2 and 4); (2) order on application to proceed without prepayment of fees (Doc. Ent. 6); (3) directing service without prepayment (Doc. Ent. 7); (4) an order granting ex parte request for setting answer/preliminary motion deadline (Doc. Ent. 11); (5) an order of reference (Doc. Ent. 14); (6) a scheduling order (Doc. Ent. 18) and (7) an order on motion for extension of time (Doc. Ent. 19).

8

prejudice, the Court should dismiss plaintiff's complaint *without* prejudice for failure to prosecute. *Hill v. General Motors Corp.*, No. 88-3588, 1990 WL 25065, *1, *4 n.2 (6th Cir. Mar. 8, 1990) (affirming "the district court's dismissal, without prejudice, of [a] diversity tort action for failure to prosecute[,]" the Court noted that "[i]n this case, the dismissal was without prejudice; thus, it was on its face a less severe sanction than the authorized under Rule 41(b) and *Link*.").

I note the Second Circuit's caution that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993)). *See also Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (citing *Lucas*, 84 F.3d at 535). However, my conclusion is justified by plaintiff's apparent abandonment of this case. *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984) (affirming district court's Rule 41(b) dismissal for failure to prosecute where "[p]laintiffs virtually abandoned this case, doing nothing to move it forward for more than five years.").

In light of the foregoing, the Court should sua sponte dismiss this case without prejudice for failure to keep the Court informed of his address.

**F.    The Court Should Deny Without Prejudice Defendant's Motion to Dismiss.**

Defendant's motion to dismiss is based upon two arguments. First, defendant contends that "[t]his court should dismiss this action for insufficiency of service of process because the United States Attorney was not served and there is no showing of service of the Attorney General[.]" Doc. Ent. 13 at 6. However, if the Court agrees that plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b), then it may address the sufficiency

of plaintiff's compliance with Rule 4(i)(1) if and when plaintiff successfully reopens his case and defendant renews his Rule 4(i) argument.

Second, defendant argues that "[t]his Court should dismiss this action because Marshek has not exhausted his administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA")." Doc. Ent. 13 at 6-9. Here too, if the Court agrees that plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b), then the Court need not determine whether plaintiff's remedies constitute exhaustion of administrative remedies as to the issues in this complaint. The Court may address the issue of plaintiff's compliance with 42 U.S.C. § 1997e(a) if and when plaintiff successfully reopens his case and defendant renews his exhaustion argument.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir.

1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated 12/18/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 18, 2008.
>
> s/Eddrey Butts  
> Case Manager